MARTIN DELANEY *vs.* WILLIAM S. TIMBERLAKE, impleaded, etc.

May 15, 1877.

**Partnership.**—An agreement by which a debt of A is transferred to and assumed by B, and is to be paid by B out of the profits and proceeds of a partnership, does not have the effect to make A a member of such partnership.

An appeal by the defendants in this action, other than Timberlake, from an order of the district court for Ramsey county, refusing them a new new trial in this action, is reported as the last preceding case. The present appeal is taken by plaintiff from a judgment of dismissal in favor of defendant Timberlake, entered pursuant to an order made by *Brill*, J., at the trial, and is therefore reported in this place, in advance of its regular order.

*Morris Lamprey*, for appellant.

*H. J. Horn* and *Harvey Officer*, for respondent.

BERRY, J. The instrument upon the construction of which the determination of this case turns is the same which was before the court in *Delaney* v. *Dutcher*, *ante* p. 373. As it is quite voluminous, and but little of it is specially involved in this case, it will be sufficient to refer, for a general summary of its contents, to the opinion of the court in the case cited. It was there held that, as respects certain third parties, the instrument had the effect to create a partnership between the persons executing the same, other than Timberlake.

The question presented in this case is whether it had the

effect to make Timberlake a partner also. If it did, it was by virtue of the following recital and stipulations, viz.: "And whereas the said William S. Timberlake was, on said first day of October, 1873, indebted to said Gilbert Dutcher and E. R. George in the sum of four hundred and thirty-two and 61-100 dollars, which stands charged to the said William S. Timberlake on said account-books, * * * it is further mutually covenanted and agreed that the said William S. Timberlake was indebted to said late firm, on the first day of October, 1873, in the sum so charged to him on said books, viz., the said sum of four hundred and thirty-two and 61-100 dollars, which said sum shall be transferred to the account of, and charged against, the said Jennie E. Timberlake, in the account-books to be opened and kept in said business so to be continued, and shall be paid and accounted for by her in the manner hereinafter provided. * * *

" No moneys shall be withdrawn from the said business until all the debts of the said late firm, and all debts contracted in said business since the death of the said Gilbert Dutcher, and which may hereafter be contracted in said business, * * * shall be fully paid, as aforesaid, from the proceeds of said business. * * *

" If, after the said payments of debts and expenditures, any profits shall arise and accrue from the said business, the same shall, once in each year during the further continuance of said business, * * * be divided, * * * but the shares or portions coming to the said parties respectively shall be first applied to their indebtedness to the said concern, so to be charged against them as aforesaid, if any, to the extent necessary to fully pay and discharge the same. And no moneys shall be paid to either of said parties, on account of said profits, until all their said indebtedness respectively shall be fully paid. * * *

" At the expiration of said business all the prop-

erty acquired in connection therewith, and owned in common by the parties hereto, shall be sold, and the debts due the said business concern collected, and, from the proceeds of such sale and collections, there shall be first fully paid all the debts which shall have been contracted in said business, * * * and the balance, * * . * shall be divided among the parties hereto, according to their respective interests, * * * provided, always, that any and all indebtedness of said parties to said business concern, charged to them on said account-books, as herein provided, or otherwise, shall have been fully paid. And if, at the time of such distribution, either or any of said parties shall be indebted to such business concern, the share which would otherwise be payable to such party or parties shall be applied on such indebtedness to the extent necessary to discharge the same."

It is claimed by the plaintiff that the effect of these provisions of the instrument was to entitle Timberlake to share in the profits of the business or property, and, therefore, to make him a partner. We do not agree to this. The provision by virtue of which the debt of $432.61, charged to Timberlake upon the books of the old firm, was to be transferred to the account of, and charged against, Jennie E. Timberlake, in the account-books of the new partnership, to be paid and accounted for by her, had the following effect when it was carried out, as the pleadings admit that it was : it cancelled the debt of Timberlake, because it transferred it from him to her ; it took the debt from his shoulders, and placed it upon her ; it released his liability by accepting the liability of another in place of it. If this is so, it follows that, notwithstanding she was to pay the debt thus assumed, out of the profits of the business or the proceeds of the partnership, he had no interest in either. He was discharged from his indebtedness, and, whether she paid it in one way or another, or at all, was of no moment to him. There is, therefore, nothing in . the instrument

which shows that he was entitled to any share of profits, as profits, or otherwise. But it is further claimed that he, in fact, participated in the profits and proceeds of the business to the extent of some $70, received by him, in one way and another, from the hotel. Upon examining the testimony we are unable to see how, as respects that which he is claimed to have received, he is to be distinguished from any guest of the house. There is nothing which we discover to show that he received it as a partner, or in any sense as profits or proceeds of the business of the hotel.

For these reasons we are of opinion that, as to defendant Timberlake, the action was properly dismissed, and the judgment of dismissal is accordingly affirmed.